# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SUSANNE-MARIE: MEYER, A LIVING PERSON; | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LOUISA MERJANIAN, BARBARA ARDEN SCHROCK, NEIL SIMPSON, VICTOR KICKLOWITZ, PAUL-WESLEY FOSTER, | ) ) ) ) ) |
| Defendants. | ) |

Case No. 4:21-00202-CV-RK

## ORDER DISMISSING CASE

Before the Court are Defendants' motions to dismiss. (Docs. 15, 25.) After careful consideration the motions are **GRANTED** and the case is **DISMISSED with prejudice**.

## Background

Plaintiff filed her *pro se* Complaint on March 29, 2021. (Doc. 1) Plaintiff alleges federal jurisdiction based on (1) pressganging (2) inland piracy; and (3) peonage and enslavement. Plaintiff's claims are not readily ascertainable from her Complaint. However, it appears Plaintiff's claims arise from her exclusion from the St. Germain Foundation (the "Foundation").

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018). "Subject matter jurisdiction is the power of a federal court to decide the claim before it." *Id.* (citing *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the power to hear cases only if authorized to do so by both the Constitution and by statute. *Id.* "Generally speaking, a federal court's subject-matter jurisdiction over a case must be based on either [a] federal question . . . or diversity." *Miller v. Clark*, 2013 U.S. Dist. LEXIS 196713, at *1 (W.D. Mo. June 14, 2013). If a federal court lacks jurisdiction over the subject matter of a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Further, "[a] document filed *pro se* is "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations and quotations omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

Defendants argue the Court lacks subject matter jurisdiction. The Court agrees.

### I. Diversity Jurisdiction

Plaintiff does not plead diversity jurisdiction. Additionally, Plaintiff and Defendant Foster are citizens of Missouri for purposes of diversity. Therefore, the Court lacks diversity jurisdiction.

### II. Federal Question Jurisdiction

"Federal question jurisdiction exists only when the plaintiff's well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) (internal quotations and citations omitted). "The vast majority of cases brought under the general federal-question jurisdiction are those in which federal law creates the cause of action. *Id*. at 563-564 (cleaned up). "When state law creates the cause of action, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well pleaded state claims, or that one of the other claims is really one of federal law." *Id*. at 564. (cleaned up). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.*

Plaintiff makes several allegations of federal question jurisdiction. First, Plaintiff claims "press[-]ganging: Land Jurisdiction Not Sea Jurisdiction." The Court has found no case discussing "press-ganging" and no authority supporting it as a basis of federal jurisdiction. As such, it does not support an allegation of federal jurisdiction. Additionally, even if it did, Plaintiff's Complaint is insufficient. The word "press-ganging" is defined as "a detachment of men under command of an officer empowered to force men into military or naval service." "Press-gang." Merriam-Webster.com. Accessed August, 10, 2021. https://www.merriam-webster.com/dictionary/press-gang. Even construing Plaintiff's Complaint and the definition of

2

"press-ganging" liberally, Plaintiff fails to plead any facts suggesting she was forced into the military against her will. Therefore, "press-ganging" does not establish jurisdiction.

Second, Plaintiff alleges jurisdiction under inland piracy. Plaintiff specifically pleads "[s]ea jurisdiction laps on to my land as a Missourian." In order for admiralty law to form the basis of federal question jurisdiction, not only must navigable waters be implicated, but the wrong claimed must also bear some relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 268 (1972) (holding that crash of airplane in navigable waters did not give rise to federal question jurisdiction based on admiralty since this claim did not involve traditional maritime activity). Here, Plaintiff pleads no relation to any navigable waters and no wrong bearing a relationship to traditional maritime activity. Additionally, Plaintiff pleads no claim of piracy as she does not allege any Defendant illegally boarded her ship, or even that she possesses a ship. As such, inland piracy does not provide a basis of federal jurisdiction.

Plaintiff also pleads peonage and enslavement. Specifically, she alleges she "was forced against [her] will to turn over [her] claim as having authority for the Saint Germain Foundation Unincorporated Educational/Patriotic School to a dictator-a religious organ a church – the Vatican The Largest Corporate Conglomerate in the World." "Peonage is compulsory service in payment of a debt." *U.S. v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009). "Compulsory service is the equivalent of involuntary servitude, which the Supreme Court has defined as a condition of servitude in which the victim is forced to work for the defendant by the use of threat of physical restraint or physical injury, or by the use of threat of coercion through law or the legal process." *Id*. (cleaned up). Plaintiff does not allege Defendants forced her to work. Rather, she alleges that she was forced to give up a claim. This falls short of the necessary allegations for peonage or enslavement.

Next, Plaintiff makes a lone reference to the Tenth Amendment. This fails to establish federal jurisdiction as Plaintiff pleads no federal action. *See Johnson Controls, Inc. v. City of Cedar Rapids, Iowa*, 713 F.2d 370, 376 (8th Cir. 1983) (the elements of a Tenth Amendment challenge are: "(1) The federal action must regulate the 'state as a state'; (2) The federal action must regulate matters that are indisputable attributes of state sovereignty; (3) The state's compliance with the federal action or statute must directly impair the state's ability 'to structure integral operations in areas of traditional governmental functions; and (4) In situations where there

is a weighty federal interest, the state must show that the nature of the federal interest advanced is not so great that it justifies state submission to the federal action.") (cleaned up).

Finally, while Plaintiff did not specifically plead a violation of the First Amendment, she seems to plead she was excluded from the St. Germain Foundation and its religious activities. *See United States v. Ballard*, 322 U.S. 78 (1944) (holding that the Foundation's I AM Activity is subject to the protections of the First Amendment's religion clauses). However, even these allegations are insufficient because the Court may not interfere in any person or group's decisions about religious orthodoxy or teachers of that orthodoxy. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 192-94 (2012). Therefore, the Court finds it lacks jurisdiction over Plaintiff's claims, and to the extent she alleges a First Amendment violation, her claims fail as a matter of law.

## Conclusion

Accordingly, and after careful consideration, Defendants' motions to dismiss are **GRANTED** and the case is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 12, 2021