IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUSANNE-MARIE: MEYER, A LIVING PERSON;<br><br>Plaintiff,<br><br>v.<br><br>LOUISA MERJANIAN, BARBARA ARDEN SCHROCK, NEIL SIMPSON, VICTOR KICKLOWITZ, PAUL-WESLEY FOSTER,<br><br>Defendants. | No. 4:21-00202-CV-RK |

**ORDER ON MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order dismissing Plaintiff's pro se Complaint for lack of subject matter jurisdiction (Doc. 30). In her pro se Complaint, Plaintiff alleged federal jurisdiction based on (1) pressganging, (2) inland piracy, and (3) peonage and enslavement. Defendants filed motions to dismiss pursuant to, in part, Rule 12(b)(1). On August 12, 2021, the Court entered its Order granting Defendants' motion and dismissing Plaintiff's pro se Complaint, with prejudice, finding that Plaintiff – even liberally construing her pro se Complaint – failed to sufficiently allege any facts to establish federal question jurisdiction (Doc. 28). On August 17, 2021, Plaintiff filed a pro se "Opposition to Courts Order to Dismiss this Case," arguing the Court did not have "valid cause" to dismiss her Complaint.

The Court construes Plaintiff's motion as a motion brought under Rule 59(e) to alter or amend a judgment on motion filed no later than twenty-eight days after entry of the judgment. *See Schofstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (holding that while the federal rules do not contemplate motions to reconsider, when such motion is made in response to a final order it is construed as a motion brought under Rule 59(e); citation omitted). The Court has "broad discretion . . . whether to grant a motion under Rule 59(e)," which "serve[s] the limited function of correcting

manifest errors of law or fact or to present newly discovered evidence." *Kurz v. United States*, No. 4:19-CV-310 CAS, 2019 WL 5188976, at *1 (E.D. Mo. 2019) (citations and quotations omitted; unpublished). In the present motion, however, Plaintiff makes no argument that addresses the Court's finding that her Complaint failed to sufficiently plead any facts to establish federal question jurisdiction. Plaintiff appears to present only arguments regarding the underlying claims she asserted in her Complaint. Moreover, to the extent Plaintiff asserts in her motion that she "state[d] clearly my intention" by marking in the "Nature of Suit" section, "Racketeer Influenced and Corrupt Organizations," it is significant that – as the cover sheet itself states – "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law." Plaintiff does not argue – nor does the Complaint reflect – that she otherwise alleged any facts related to or made any claim under RICO in her Complaint. Without sufficient factual pleadings to support such a claim in her Complaint, Plaintiff has not demonstrated that this Court otherwise has federal question jurisdiction. *See Smith ex rel. Van Dalsen v. St. Vincent Infirmary*, 469 Fed. App'x 506, 506-07 (8th Cir. 2012) (affirming the district court's dismissal of a complaint based, in part, because the plaintiff "alleged no viable basis for federal question jurisdiction" in accordance with the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); other citations omitted). Nor does Plaintiff's vague and wholly conclusory reference to a "copyright" in her Complaint, without more, invoke this Court's federal question jurisdiction.

Therefore, after careful consideration, Plaintiff's Motion for reconsideration (Doc. 30) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 20, 2021

2

Case 4:21-cv-00202-RK   Document 32   Filed 08/20/21   Page 2 of 2